■ In the Matter of SHARRON WILLIS, Respondent, v VASSELL WATSON, Appellant. [815 NYS2d 610]—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Richmond County (Porzio, J.), dated January 26, 2005, which, upon a finding that the appellant committed an act constituting the offense of aggravated harassment in the second degree, made after a hearing, directed him, inter alia, to stay away from the petitioner until January 25, 2010.

Ordered that the order of protection is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that determination is entitled to great weight on appeal (*see Matter of Lallmohamed v Lallmohamed,* 23 AD3d 562 [2005]). The Family Court properly determined that the appellant committed an act constituting aggravated harassment in the second degree (*see Matter of Draxler v Davis,* 11 AD3d 760 [2004]).

The appellant's remaining contention is without merit. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO AVILA, Appellant. [810 NYS2d 904]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered September 22, 2003, convicting him of assault in the second degree, criminal contempt in the first degree, and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.