■ In the Matter of SHALEMA FORD, Respondent, v GLORIA PITTS, Appellant. (Proceeding No. 1.) In the Matter of GLORIA

PITTS, Appellant, v DWIGHT D. FORD, Respondent. (Proceeding No. 2.) [817 NYS2d 332]—In two related family offense proceedings pursuant to Family Court Act article 8, Gloria Pitts appeals from (1) an order of the Family Court, Kings County (Silber, J.), dated July 18, 2005, which, after a hearing, directed her, inter alia, to stay away from the petitioner-respondent in proceeding No. 1, and to refrain from assaulting, stalking, harassing, menacing, or threatening the petitioner-respondent, and (2) an order of the same court dated July 18, 2005, which, after the same hearing, dismissed her petition in proceeding No. 2.

Ordered that the orders are affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing proved by the requisite preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Phillips v Laland,* 4 AD3d 529, 530 [2004]) that the appellant had committed acts constituting disorderly conduct, menacing, and harassment warranting the issuance of the order of protection against her and in favor of the petitioner-respondent in proceeding No. 1 (*see* Family Ct Act § 812 [1]; § 832; Penal Law §§ 125.15, 240.20, 240.25; *Matter of Clarke v Clarke,* 8 AD3d 375 [2004]; *Matter of Phillips v Laland, supra*). As the trier of fact, the Family Court's determination regarding the credibility of the witnesses is entitled to great weight (*see Matter of King v Flowers,* 13 AD3d 629 [2004]; *Matter of Pearsall v Martin-Zenick,* 267 AD2d 240 [1999]; *Matter of Strully v Schwartz,* 255 AD2d 593 [1998]). Since its determination is not against the weight of the credible evidence, there is no basis for this Court to disturb it (*see Matter of Tibichrani v Debs,* 230 AD2d 746 [1996]).

For the same reasons, the Family Court properly dismissed the appellant's petition for an order of protection upon determining that she failed to establish by a preponderance of the evidence that the respondent in proceeding No. 2 had committed acts constituting the family offenses of harassment or assault (*see* Family Ct Act §§ 812, 832; *Matter of Strully v Schwartz, supra*). Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.