■ In the Matter of ALONGA S. PEREIRA-MARSHALL, Respondent, v CLINT MARSHALL, Appellant. [852 NYS2d 233]—

In a family offense proceeding pursuant to Family Court Act article 8, the former husband appeals from an order of disposition of the Family Court, Kings County (Olshanksy, J.), dated September 21, 2006, which, after a hearing, and upon finding that he committed family offenses within the meaning of Family Court Act § 812 and that there were aggravating circumstances, granted the petition to the extent of issuing an order of protection with a term of five years, inter alia, directing the former husband to stay away from the former wife.

Ordered that the order of disposition is modified, on the law, on the facts, and in the exercise of discretion, by deleting the

provisions thereof which found the existence of aggravating circumstances and fixed the term of the order of protection at a period of five years and substituting therefor a provision fixing the term of the order of protection at a period of two years; as so modified, the order is affirmed, without costs or disbursements, and the order of protection is modified accordingly.

The former wife filed a family offense petition against the former husband, contending that he committed acts which constituted the crimes of disorderly conduct, menacing in the second degree, and menacing in the third degree. After a fact-finding hearing, the Family Court found that the former husband had committed acts constituting disorderly conduct and menacing in the third degree. Thereafter, after a dispositional hearing, the court found the existence of aggravating circumstances, which it determined were sufficient to justify the issuance of a five-year order of protection, based upon the former husband's use of a dangerous instrument against the former wife (see Family Ct Act § 827 [a] [vii]; § 842).

We agree with the former husband that the court's finding that there were aggravating circumstances, which purportedly justified issuing a five-year order of protection against him, was inconsistent with its finding that he committed acts which constituted menacing in the third degree, as opposed to menacing in the second degree (see Penal Law §§ 120.15, 120.14 [1]). Contrary to the contention of the former husband, the court was not precluded from finding, after the dispositional hearing, that he used a dangerous instrument against the former wife, even though it had implicitly rejected that allegation after the fact-finding hearing, because the parties were free to submit additional evidence at the dispositional hearing in order to show the existence of aggravating circumstances (see Matter of Kristine Z. v Anthony C., 21 AD3d 1319 [2005]). Here, however, the former husband correctly argues that there was no evidence presented at the dispositional hearing to support a finding that he used a dangerous instrument against the former wife. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.