■ In the Matter of ELISA T. GREENER, Respondent, v DAVID V. GREENER, Appellant. [908 NYS2d 450]—In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), dated December 31, 2009, which, upon an order of protection of the same court dated December 3, 2009, issued upon, in effect, a finding that he committed a family offense, made after a hearing, directed him to comply with the order of protection.

Ordered that on the Court's own motion, the notice of appeal from the order of protection is deemed to be a premature notice of appeal from the order of disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562, 562 [2005]; *see Matter of Fiore v Fiore*, 34 AD3d 803 [2006]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]), and that determination is entitled to great weight on appeal (*see Matter of Ford v Pitts*, 30 AD3d 419, 420 [2006]; *Matter of Wissink v Wissink*, 13 AD3d 461, 462 [2004]; *Matter of St. Denis v St. Denis*, 1 AD3d 370 [2003]). Here, a fair preponderance of the credible evidence supported the Family Court's determination that the husband committed acts which constituted the family offense of menacing in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act § 832; Penal Law § 120.14 [1], [2]; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]; *Matter of Gray v Gray*, 55 AD3d 909, 910 [2008]; *Matter of De La Cruz v Colon*, 16 AD3d 496, 497 [2005]). Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.