◼ In the Matter of SANDY HARRY, Respondent, v BERNARD HARRY, Appellant. [924 NYS2d 816]—

In a family offense proceeding pursuant to Family Court Act article 8, Bernard Harry appeals from an order of protection of the Family Court, Kings County (Feldman, J.H.O.), dated June 22, 2010, which, after a hearing, and, in effect, upon a finding that he had committed certain family offenses, directed him, inter alia, to stay away from the petitioner until and including June 21, 2015.

Ordered that the order of protection is modified, on the law and the facts, by adding to the final decretal paragraph thereof, after the words "this Order of Protection shall remain in force until and including June 21, 2015," the following: "aggravating circumstances exist, including violent and harassing behavior by Bernard Harry in the presence of Sandy Harry which constitutes an immediate and ongoing danger to her"; as so modified, the order of protection is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Kaur v Singh*, 73 AD3d 1178 [2010] [internal quotation marks omitted]; *see* Family Ct Act §§ 812, 832; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]; *Matter of Halper v Halper*, 61 AD3d 687 [2009]), "whose determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Kaur v Singh*, 73 AD3d at 1178 [internal quotation marks omitted]; *see Matter of Creighton v Whitmore*, 71 AD3d at 1141; *Matter of*

*Robbins v Robbins*, 48 AD3d 822 [2008]). Here, a fair preponderance of the credible evidence supports a determination that Bernard Harry committed acts constituting certain family offenses, warranting the issuance of an order of protection (*see* Family Ct Act § 812; Penal Law §§ 120.14, 240.20, 240.26; *Matter of Yalvac v Yalvac*, 83 AD3d 853 [2011]; *Matter of Pearlman v Pearlman*, 78 AD3d 711 [2010]; *Matter of Greener v Greener*, 77 AD3d 664 [2010]).

The Family Court provided for an extended period of protection without setting forth any aggravating circumstances as required by Family Court Act § 842. Nonetheless, the record reveals that aggravating circumstances exist as Bernard, in threatening Sandy with knives, exhibited violent and harassing behavior in the presence of Sandy which constitutes an immediate and ongoing danger to her (*see* Family Ct Act § 827 [a] [vii]). Accordingly, we modify the order of protection to include this finding (*see* Family Ct Act § 827 [a] [vii]; § 842; *Matter of Guernsey v Guernsey*, 37 AD3d 989 [2007]; *Matter of Reilly v Reilly*, 254 AD2d 361 [1998]; *cf. Matter of Gelardi v Gelardi*, 62 AD3d 701 [2009]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984 [2003]; *Matter of Baker v Ratoon*, 251 AD2d 921 [1998]; *Matter of Zirkind v Zirkind*, 218 AD2d 745 [1995]). Rivera, J.P., Skelos, Hall and Austin, JJ., concur.