**53** In the Matter of Wendell C. Drury, Respondent, v Linda M. Drury, Appellant. [934 NYS2d 337]—

The Family Court's determination as to whether a respondent

committed acts constituting a cognizable family offense is a factual issue for the Family Court to resolve, and "[a] family offense must be established by a fair preponderance of the evidence" (*Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]; *see* Family Ct Act § 832).

The Family Court failed to state on the record the facts that it deemed essential to its determination to grant the petition for an order of protection (*see* CPLR 4213 [b]; *Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]; *Matter of Smith v Falco-Boric*, 87 AD3d 1146, 1147 [2011]). However, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Jose L.I.*, 46 NY2d at 1026; *Matter of Destiny H. [Valerie B.]*, 83 AD3d 939 [2011]; *Matter of Smith v Falco-Boric*, 87 AD3d at 1147). The evidence adduced at the hearing established, by a preponderance of the evidence, that the wife committed the family offenses of aggravated harassment in the second degree and harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.30 [2]; § 240.26 [3]; *Matter of Hagopian v Hagopian*, 66 AD3d 1021 [2009]; *Matter of Gray v Gray*, 55 AD3d 909 [2008]; *Matter of Robbins v Robbins*, 48 AD3d 822 [2008]; *Matter of Thomas v Thomas*, 32 AD3d 521 [2006]).

However, there was insufficient evidence to support the Family Court's finding of the existence of aggravating circumstances (*see* Family Ct Act § 827 [a] [vii]; *cf. Matter of Charles v Charles*, 21 AD3d 487, 488 [2005]; *Matter of Flascher v Flascher*, 298 AD2d 393 [2002]; *Matter of Reilly v Reilly*, 254 AD2d 361 [1998]). Thus, the duration of the order of protection may not exceed a period of two years (*see* Family Ct Act § 842). Accordingly, the order of protection must be modified to remain in effect up to and including March 27, 2013 (*see* Family Ct Act §§ 842, 827 [a] [vii]; *Matter of Gelardi v Gelardi*, 62 AD3d 701 [2009]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.