In the Matter of ERICA BRITO, Respondent, v DIEGO VASQUEZ, Appellant. [941 NYS2d 634]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated July 18, 2011, which, after a fact-finding hearing, and upon a finding that he had committed a family offense within the meaning of Family Court Act § 812, inter alia, directed that he "shall not leave the [parties'] child supervised by his wife and shall be with the child at all times," and directed that the order shall remain in effect for a period of three years until and including July 18, 2014.

Ordered that the order of protection is modified, on the law and the facts, (1) by deleting the provision thereof directing that the father "shall not leave the [parties'] child supervised by his wife and shall be with the child at all times," and (2) by deleting the provision thereof directing that the order of protection shall remain in effect until and including July 18, 2014, and substituting therefor a provision directing that the order of protection shall remain in effect until and including July 18, 2013; as so modified, the order of protection is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010] [internal quotation marks omitted]; *see* Family Ct Act §§ 812, 832; *Matter of Harry v Harry*, 85 AD3d 790 [2011]), "whose determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Kaur v Singh*, 73 AD3d at 1178 [internal quotation marks omitted]; *see Matter of Harry v Harry*, 85 AD3d at 791). Here, a fair preponderance of the credible evidence supports a determination that the appellant father committed acts constituting a family offense, warranting the issuance of an order of protection (*see* Family Ct Act § 812; Penal Law § 120.00; *Matter of Jeannie B. v Roger D.*, 33 AD3d 994 [2006]).

While the Family Court is permitted, upon sufficient proof that a family offense has been committed, to issue an order of protection (*see* Family Ct Act § 841 [d]) and may require a petitioner or a respondent, inter alia, to "observe such other conditions as are necessary to further the purposes of protection" (Family Ct Act § 842 [j]), here, the Family Court erred in prohibiting the father, in the order of protection, from leaving the parties' child under the supervision of his wife without him being present and in requiring him to be with the child at all times. There was no evidence that such a restriction was necessary to further the purposes of protection and, in fact, there was no testimony adduced, nor did the Family Court find, that the provision prohibiting supervision of the child by the wife was " 'reasonably necessary to protect' " the child from future family offenses (*Matter of Jodi S. v Jason T.*, 85 AD3d 1239, 1242 [2011], quoting *Matter of Gil v Gil*, 55 AD3d 1024, 1025 [2008]; *see* Family Ct Act § 827 [a] [vii]).

Moreover, the Family Court failed to set forth, as required by Family Court Act § 842, the required finding of aggravating circumstances and, thus, the duration of the order of protection may not exceed a period of two years. Accordingly, the order of protection must be modified to remain in effect until and including July 18, 2013 (*see* Family Ct Act §§ 842, 827 [a] [vii]; *Matter of Drury v Drury*, 90 AD3d 754, 755 [2011]; *Matter of Gelardi v Gelardi*, 62 AD3d 701, 702 [2009]).

Accordingly, the order of protection must be modified by deleting the provision thereof directing that the father "shall not leave [parties'] the child supervised by his wife and shall be with the child at all times," and by deleting the provision thereof directing that the order of protection shall remain in effect until and including July 18, 2014, and substituting therefor

a provision directing that the order of protection shall remain in effect until and including July 18, 2013. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.