■ In the Matter of JESICA DEL CANTO, Respondent, v STEVEN BEHRENS, Appellant. [945 NYS2d 148]—

In a family offense proceeding pursuant to Family Court Act article 8, Steven Behrens appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated August 23, 2011, which, after a hearing, and upon a finding that he had committed a family offense within the meaning of Family Court Act § 812, directed him, inter alia, to stay away from the petitioner for a period of three years until and including August 23, 2014.

Ordered that the order of protection is modified, on the law, by deleting the provision thereof directing that the order of protection shall remain in effect until and including August 23, 2014, and substituting therefor a provision directing that the order of protection shall remain in effect until and including August 23, 2013; as so modified, the order of protection is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and any credibility determination made in connection therewith is entitled to deference on appeal (see Matter of Brito v Vasquez, 93 AD3d 842 [2012]; Matter of Greener v Greener, 77 AD3d 664 [2010]; Matter of Holder v Francis, 67 AD3d 679 [2009]; Matter of Fiore v Fiore, 34 AD3d 803 [2006]; Matter of Willis v Watson, 27 AD3d 760 [2006]). Here, the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the appellant committed the family offenses of harassment in the second degree and aggravated harassment in the second degree, warranting the issuance of an order of protection (see Family Ct Act §§ 812, 832; Penal Law § 240.26 [3]; § 240.30 [1]; Matter of Drury v Drury, 90 AD3d 754, 755 [2011]; Matter of Testman v Roman, 78 AD3d 719, 720 [2010]; Matter of Larson v Gilliam, 49 AD3d 650 [2008]; Matter of Fiore v Fiore, 34 AD3d at 803).

However, the Family Court failed to set forth any finding of aggravating circumstances "on the record and upon the order of protection," as is required to issue an order of protection with a duration exceeding two years (Family Ct Act § 842), and insufficient evidence was presented at the hearing to support any finding of aggravating circumstances (see Family Ct Act § 827 [a] [vii]; Matter of Drury v Drury, 90 AD3d at 755). Accordingly,

the duration of the order of protection may not exceed two years (*see Matter of Brito v Vasquez*, 93 AD3d 842 [2012]; *Matter of Drury v Drury*, 90 AD3d at 755; *Matter of Gelardi v Gelardi*, 62 AD3d 701, 702 [2009]), and we modify the order to direct that it remain in effect until and including August 23, 2013. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.