— In related family offense proceedings pursuant to Family Court Act article 8, Abdul Malek appeals from (1) an order of the Family Court, Kings County (Feldman, *960 J.H.O.), dated May 26, 2011, which, after a hearing, dismissed his petition, and (2) an order of protection of the same court dated June 7, 2011, which, upon a finding that he committed certain family offenses, directed him, inter alia, to stay away from Shahin Sultana for a period up to and including May 25, 2013.
Ordered that the appeal from the order dated May 26, 2011, is dismissed as abandoned, without costs or disbursements; and it is further,
Ordered that the order of protection is affirmed, without costs or disbursements.
The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, whose determination regarding the credibility of witnesses is entitled to deference (see Matter of Harry v Harry, 85 AD3d 790, 790 [2011]; Family Ct Act §§ 812, 832; Matter of Kaur v Singh, 73 AD3d 1178 [2010]; Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]). Here, a fair preponderance of the credible evidence supports a determination that the appellant committed acts constituting certain family offenses warranting the issuance of an order of protection (see Family Ct Act § 812; Penal Law § 120.00 [1]; § 240.26 [3]).
The appellant’s remaining contentions are without merit. Skelos, J.P., Florio, Lott and Miller, JJ., concur.