In the Matter of KEISHA CLARKE-GOLDING, Respondent, v JEFFREY GOLDING, Appellant. [956 NYS2d 553]—

"The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Mat-*

*ter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Armstrong v Ewing*, 82 AD3d 1092 [2011]; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]), "and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Creighton v Whitmore*, 71 AD3d at 1141; *see Matter of Kaur v Singh*, 73 AD3d at 1178).

Here, a fair preponderance of the credible evidence did not support the Family Court's determination that the appellant committed the family offense of assault in the third degree (*see* Family Ct Act §§ 812 [1]; 832; Penal Law § 120.00; *Matter of Gray v Gray*, 55 AD3d 909, 910 [2008]; *Matter of Ford v Pitts*, 30 AD3d 419 [2006]; *Matter of Strully v Schwartz*, 255 AD2d 593 [1998]). However, a preponderance of the credible evidence adduced at the fact-finding hearing supports the Family Court's finding that the appellant committed the family offense of menacing in the third degree (Penal Law § 120.15; *Matter of Sinclair v Batista-Mall*, 50 AD3d 1044 [2008]; *Matter of Mazzola v Mazzola*, 280 AD2d 674 [2001]), warranting the issuance of an order of protection.

However, the Family Court failed to set forth any finding of aggravating circumstances "on the record and upon the order of protection" as is required to issue an order of protection with a duration exceeding two years (Family Ct Act § 842), and insufficient evidence was presented at the hearing to support any finding of aggravating circumstances (*see* Family Ct Act § 827 [a] [vii]; *Matter of Del Canto v Behrens*, 95 AD3d 1211 [2012]; *Matter of Drury v Drury*, 90 AD3d 754, 755 [2011]). In particular, the record does not demonstrate "an immediate and ongoing danger to the petitioner" (Family Ct Act § 827 [a] [vii]). Thus, the duration of the order of protection may not exceed two years (*see Matter of Brito v Vasquez*, 93 AD3d 842 [2012]; *Matter of Drury v Drury*, 90 AD3d at 755; *Matter of Gelardi v Gelardi*, 62 AD3d 701, 702 [2009]). Accordingly, we modify the order of protection to direct that it remain in effect until and including December 14, 2013. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.