■ In the Matter of DeJuana Stewart, Respondent, v Marvin Lassiter, Appellant. [959 NYS2d 717]—

In a family offense proceeding pursuant to Family Court Act article 8, Marvin Lassiter appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated February 23, 2012, which, after a hearing, and upon a finding that he had committed a family offense, directed him, inter alia, to stay away from DeJuana Stewart until and including February 23, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

Although the Family Court failed to specify the particular family offense under Family Court Act § 812 (1) that the appellant committed, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Baginski v Rostkowski*, 96 AD3d 1051 [2012]; *see also Matter of Drury v Drury*, 90 AD3d 754, 754 [2011]; *Matter of Abbott v Burnes*, 27 AD3d 555 [2006]). The evidence adduced at the hearing established, by a preponderance of the evidence, that the appellant engaged in acts which would constitute the offense of attempted assault in the third degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812 [1]; 832; Penal Law §§ 110.00, 120.00).

The appellant failed to establish that he was denied the effective assistance of counsel (*see Matter of Melissa K. v Brian K.*, 72 AD3d 1129 [2010]).

The appellant's remaining contentions are without merit. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.