■ In the Matter of SUSAN CALLAHAN, Appellant, v MARC PICCIANO, Respondent. [963 NYS2d 344]—In a family offense proceed-

ing pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Bogacz, J.), dated March 21, 2012, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Clarke-Golding v Golding*, 101 AD3d 1117 [2012]; *Matter of Armstrong v Ewing*, 82 AD3d 1092 [2011]). The hearing court's determination concerning the credibility of witnesses is entitled to great weight on appeal unless that determination is clearly unsupported by the record (*see Matter of Clarke-Golding v Golding*, 101 AD3d 1117 [2012]; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]).

Here, the record supports the Family Court's determination that the petitioner failed to prove, by a preponderance of the credible evidence, that the respondent committed the family offenses of attempted assault in the third degree and harassment in the second degree (*see* Family Ct Act §§ 812 [1]; 832; Penal Law §§ 110.00, 120.00, 240.26; *Matter of Ford v Pitts*, 30 AD3d 419 [2006]; *Matter of Strully v Schwartz*, 255 AD2d 593 [1998]). Accordingly, the petition was properly dismissed. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.