■ In the Matter of Ian McCauley, Respondent, v Arianna Galante, Appellant. [965 NYS2d 733]—

In a family offense proceeding pursuant to Family Court Act article 8, Arianna Galante appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated May 23, 2012, which, after a hearing, and upon a finding that she had committed a family offense, directed her, inter alia, to stay away from Ian McCauley until and including May 23, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

Although the Family Court failed to specify the particular family offense under Family Court Act § 812 (1) that the appellant committed, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Stewart v Lassiter*, 103 AD3d 734 [2013]; *Matter of Baginski v Rostkowski*, 96 AD3d 1051 [2012]). Here, the petitioner established, by a fair preponderance of the credible evidence adduced at a fact-finding hearing, that the appellant committed acts which constituted the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26 [1]; *Matter of Hohn v Guirand*, 97 AD3d 578 [2012]).

The appellant's remaining contentions are without merit. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.