In the Matter of MERCEDES KONDOR, Respondent, v ZSOLT KONDOR, Appellant. [971 NYS2d 21]—

In a family offense proceeding pursuant to Family Court Act article 8, Zsolt Kondor appeals from an order of protection of the Family Court, Queens County (Jolly, J.), dated July 3, 2012, which, after a hearing, and upon a finding that he committed certain family offenses within the meaning of Family Court Act § 812, directed him, inter alia, to stay away from the petitioner until and including July 3, 2017.

Ordered that the order of protection is modified, on the law, by adding thereto a decretal paragraph finding that aggravating circumstances exist, including the use of a dangerous instrument by Zsolt Kondor against the petitioner; as so modified, the order of protection is affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Shields v Brown, 107 AD3d 1005 [2013]; Matter of Alicea v Alfano, 83 AD3d 1054 [2011]; Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]). Here, the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the appellant committed the family offenses of attempted assault in the second degree, disorderly conduct, and harassment in the second degree, warranting the issuance of an order of protection (see Family Ct Act §§ 812 [1]; 832; Penal Law §§ 110.00, 120.05 [2]; 240.20 [1]; 240.26 [3]; Matter of Shields v Brown, 107 AD3d at 1006; Matter of Del Canto v Behrens, 95 AD3d 1211, 1211-1212 [2012]; Matter of Brito v Vasquez, 93 AD3d 842, 843 [2012]; Matter of Harry v Harry, 85 AD3d 790, 791 [2011]).

To issue an order of protection with a duration exceeding two years on the ground of aggravating circumstances, the Family Court must set forth "on the record and upon the order of protection" a finding of such aggravating circumstances as defined in Family Court Act § 827 (a) (vii) (Family Ct Act § 842). The statutory definition of "aggravating circumstances" includes five distinct situations, set forth in the disjunctive: (1) "physical injury or serious physical injury to the petitioner caused by the respondent," (2) "the use of a dangerous instru-

ment against the petitioner by the respondent," (3) "a history of repeated violations of prior orders of protection by the respondent," (4) "prior convictions for crimes against the petitioner by the respondent," "or" (5) "the exposure of any family or household member to physical injury by the respondent and like incidents, behaviors and occurrences which to the court constitute an immediate and ongoing danger to the petitioner, or any member of the petitioner's family or household" (Family Ct Act § 827 [a] [vii]; *see e.g. Matter of Harry v Harry*, 85 AD3d at 791 [finding aggravating circumstances based on "violent and harassing behavior in the presence of (the petitioner) which constitutes an immediate and ongoing danger to her"]; *Matter of Guernsey v Guernsey*, 37 AD3d 989, 990 [2007] [finding aggravating circumstances based on "a history of repeated violations of prior orders of protection by the respondent"]; *cf. Matter of Pereira-Marshall v Marshall*, 48 AD3d 574, 575 [2008] [the Family Court's finding of aggravating circumstances was not supported by the record where there was no evidence to support the allegation of the use of a dangerous instrument]).

A finding of aggravating circumstances under the fifth situation set forth in Family Ct Act § 827 (a) (vii) must be supported by a finding of "an immediate and ongoing danger to the petitioner, or any member of the petitioner's family or household" (Family Ct Act § 827 [a] [vii]; *see Matter of Clarke-Golding v Golding*, 101 AD3d 1117, 1118 [2012]; *Matter of Harry v Harry*, 85 AD3d at 791). To the extent that certain language in *Matter of Clarke-Golding v Golding* (101 AD3d at 1118) might suggest that the "immediate and ongoing danger" requirement pertains to the other four situations enumerated in Family Court Act § 827 (a) (vii) as well, it is not to be construed as such. Where the aggravating circumstances involve the use of a dangerous instrument (*cf.* Penal Law § 10.00 [13]; *People v Warren*, 98 AD3d 634, 635-636 [2012]), the "immediate and ongoing danger" requirement does not apply (Family Ct Act § 827 [a] [vii]; *see Matter of Pereira-Marshall v Marshall*, 48 AD3d at 575).

Here, the Family Court's finding that aggravating circumstances were present was supported by the record (*see* Family Ct Act § 827 [a] [vii]; *Matter of Harry v Harry*, 85 AD3d at 791; *Matter of Charles v Charles*, 21 AD3d 487 [2005]). Therefore, we modify the order of protection to include this finding in compliance with Family Court Act § 842 (*see Matter of Harry v Harry*, 85 AD3d at 791; *Matter of Charles v Charles*, 21 AD3d at 488; *Matter of Flascher v Flascher*, 298 AD2d 393 [2002]; *Matter*

*of Reilly v Reilly*, 254 AD2d 361 [1998]). Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.