■ In the Matter of MELISSA LEON, Appellant, v JOSUE ALBERTO LANDAVERDE, Respondent. [994 NYS2d 374]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals, as limited by her brief, from so much of an order of protection of the Family Court, Queens County (Jolly, J.), dated July 30, 2013, as, after an inquest, and upon a finding that the conduct of the respondent constituted harassment in the second degree and criminal mischief in the fourth degree, in effect, denied her application for a finding of aggravating circumstances and to include the parties' child as a person protected by the order, and directed the respondent to stay away from the petitioner and refrain from any type of communication with her for a period of only one year, up to and including July 30, 2014.

Ordered that the order of protection is affirmed insofar as appealed from, without costs or disbursements.

In May 2013, the petitioner filed a family offense petition in Family Court seeking an order of protection against the respondent for herself and the parties' child, alleging that the respondent had committed a multitude of family offenses against her and the child. On the date of the fact-finding hearing, the respondent, who had previously appeared in the proceeding with counsel, did not appear. The Family Court then conducted an inquest, at which the petitioner testified and requested a finding of aggravating circumstances and a five-year order of protection for herself and the child. Thereafter, the Family Court determined that the respondent's conduct constituted harassment in the second degree and criminal mischief in the fourth degree, but that the evidence did not support a finding of aggravating circumstances. The court then issued an order of protection, upon default, directing that the respondent stay away from the petitioner and refrain from any type of communication with her for a period of one year, up to and including July 30, 2014. The order of protection did not include the child as a protected person, but did specify that it was subject to any future orders of visitation/custody involving the child.

Since, on appeal, the petitioner contends that the Family Court erred in declining to find that aggravating circumstances existed, and erred in declining to add the child as a person protected by the order of protection, the petitioner's appeal from the order of protection has not been rendered academic, even though it has expired by its terms (*see Matter of Margary v Martinez*, 118 AD3d 1004 [2014]; *Matter of V.C. v H.C.*, 257 AD2d 27, 32-33 [1999]).

However, we agree with the Family Court's determination that the evidence does not support a finding of aggravating circumstances as defined in Family Court Act § 827 (*see Matter of*

*Clarke-Golding v Golding,* 101 AD3d 1117, 1118 [2012]; *Matter of Del Canto v Behrens,* 95 AD3d 1211, 1211-1212 [2012]; *Matter of Drury v Drury,* 90 AD3d 754, 755 [2011]), which delineates the specific situations under which such finding can be made (*see* Family Ct Act § 827 [a] [vii]; *Matter of Kondor v Kondor,* 109 AD3d 660, 660-661 [2013]).

In addition, the Family Court providently determined, in effect, that the evidence did not support the petitioner's application to add the child as a person protected by the order. Although a Family Court may require a petitioner or respondent to "observe such other conditions as are necessary to further the purposes of protection" (Family Ct Act § 842 [k]), here, there was no evidence that adding the child to the order was needed to further the purposes of protection, and there was no testimony adduced establishing that the addition of the child to the order was reasonably necessary to protect him from future family offenses (*see Matter of Brito v Vasquez,* 93 AD3d 842, 843 [2012]; *Matter of Jodi S. v Jason T.,* 85 AD3d 1239, 1242 [2011]; *Matter of Gil v Gil,* 55 AD3d 1024, 1025 [2008]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.