■ In the Matter of NITAYA J. ROUSSEAU, Respondent, v MICHAEL A. PALAZZO, Appellant. [998 NYS2d 908]—Appeals from (1) an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated December 13, 2013, and (2) an order of protection of that court entered December 13, 2013. The order dated December 13, 2013, after a hearing, found that the appellant had committed certain family offenses. The order of protection entered December 13, 2013, inter alia, directed the appellant to stay away from the marital residence until and including December 9, 2014.

Ordered that the order dated December 13, 2013, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements, as the order of protection expired by its own terms.

The Family Court failed to specify the particular family offenses under Family Court Act § 812 (1) that the appellant committed. However, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of McCauley v Galante*, 106 AD3d 1089, 1089 [2013]; *Matter of Stewart v Lassiter*, 103 AD3d 734, 734 [2013]). As relevant here, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or

threatens to do the same" (Penal Law § 240.26 [1]). Contrary to the appellant's contention, a fair preponderance of the evidence adduced at the hearing established that he committed the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; Family Ct Act §§ 812, 832; *Matter of Miloslau v Miloslau*, 112 AD3d 632, 632 [2013]; *Matter of Santiago v Friedman*, 35 AD3d 482, 482 [2006]). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.