■ In the Matter of MICHELLE MASCIELLO, Respondent, v MICHAEL A. MASCIELLO III, Appellant. [12 NYS3d 299]—

Appeal from an undated order of protection of the Supreme Court, Suffolk County (John Iliou, J.), issued May 15, 2014. The order of protection, after a hearing, inter alia, directed Michael A. Masciello III to stay away from the petitioner until and including May 15, 2017.

Ordered that the order of protection is modified, on the law and the facts, by deleting the provision thereof directing that the order of protection shall remain in effect until and including May 15, 2017, and substituting therefor a provision directing that the order of protection shall remain in effect until and including May 15, 2016; as so modified, the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Saldivar v Cabrera*, 109 AD3d 831, 831 [2013]; *Matter of Bazante v Bazante*, 107 AD3d 707, 707 [2013]). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Saldivar v Cabrera*, 109 AD3d at 832; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]).

Here, although the Supreme Court made certain credibility findings, it failed to state the facts that it deemed essential to its determination to issue the order of protection. Remittal is nevertheless unnecessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Son v Ramos*, 117 AD3d 745, 746 [2014]; *Matter of Panico v Panico*, 100 AD3d 907, 908 [2012]; *Matter of Sperling v Sperling*, 96 AD3d 1067, 1067 [2012]). Upon our review, we conclude that a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree (*see* Family Ct Act § 832; Penal Law § 240.26 [1]; *see generally Mat-*

*ter of Xin Li v Ramos*, 125 AD3d 681 [2015]; *Matter of Rousseau v Palazzo*, 124 AD3d 901 [2015]; *Matter of Messana v Messana*, 115 AD3d 860 [2014]). Moreover, the order of protection, which, inter alia, directed the appellant to stay away from the petitioner, was reasonably necessary to enable the petitioner to have meaningful protection (*see Matter of Silva v Silva*, 125 AD3d 869, 870 [2015]; *Matter of Miloslau v Miloslau*, 112 AD3d 632, 633 [2013]).

Contrary to the appellant's contention, under the circumstances of this case, the Supreme Court's decision not to hold a dispositional hearing prior to issuing the order of protection does not require reversal (*see Matter of Campbell v Campbell*, 123 AD3d 1123 [2014]; *Matter of Miloslau v Miloslau*, 112 AD3d 632 [2013]).

The Supreme Court, however, failed to set forth any finding of aggravating circumstances "on the record and upon the order of protection," as is required to issue an order of protection with a duration exceeding two years (Family Ct Act § 842), and insufficient evidence was presented at the hearing to support any finding of aggravating circumstances (*see* Family Ct Act § 827 [a] [vii]; *Matter of Del Canto v Behrens*, 95 AD3d 1211 [2012]; *Matter of Drury v Drury*, 90 AD3d 754, 755 [2011]; *cf. Matter of Leon v Landaverde*, 121 AD3d 898, 899-900 [2014]). Therefore, the duration of the order of protection may not exceed two years (*see Matter of Clarke-Golding v Golding*, 101 AD3d 1117, 1118 [2012]; *Matter of Brito v Vasquez*, 93 AD3d 842, 843 [2012]; *Matter of Drury v Drury*, 90 AD3d at 755), and we modify the order of protection to direct that it shall remain in effect until and including May 15, 2016.

The appellant's remaining contentions are without merit. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.