Matter of White v Byrd-McGuire (2018 NY Slip Op 05084)





Matter of White v Byrd-McGuire


2018 NY Slip Op 05084


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


578 CAF 17-00054

[*1]IN THE MATTER OF SHAMECKIA LACHELLE WHITE, PETITIONER-RESPONDENT,
v
LOVANA E. BYRD-MCGUIRE, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Supreme Court, Onondaga County (Kevin G. Young, J.), dated November 29, 2016 in a proceeding pursuant to Family Court Act article 8. The order directed respondent to stay away from petitioner, among others, until November 29, 2029. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the alternative relief sought in the motion and deleting the expiration date of the order of protection and substituting therefor an expiration date of November 29, 2021, and as modified the order is affirmed without costs.
Memorandum: In these consolidated appeals, arising from a proceeding pursuant to article 8 of the Family Court Act, respondent appeals, in appeal No. 1, from an order of protection that was issued after a determination that she committed a family offense against petitioner. In appeal No. 2, respondent appeals from a further order denying her motion pursuant to CPLR 4404 seeking to set aside the determination that she committed a family offense and dismissing the petition or, in the alternative, to modify the order of protection by decreasing the duration thereof.
Initially, we note that the appeal from the final order in appeal No. 1 brings up for review the propriety of the order in appeal No. 2, and thus the appeal from the order in appeal No. 2 must be dismissed (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435, 435 [2d Dept 1989]; see also CPLR 5501 [a] [1]; see generally Matter of Tehan [Tehan's Catalog Showrooms, Inc.], 144 AD3d 1530, 1531 [4th Dept 2016]). With respect to the merits, we agree with respondent that "[Supreme] Court erred in issuing an order of protection without adhering to the procedural requirements of Family Court Act § 154-c (3) . . . , inasmuch as the court did not make a finding of fact that petitioner . . . was entitled to an order of protection based upon a judicial finding of fact, judicial acceptance of an admission by [respondent] or judicial finding that [respondent] has given knowing, intelligent and voluntary consent to its issuance' " (Matter of Hill v Trojnor, 137 AD3d 1671, 1672 [4th Dept 2016], quoting § 154-c [3] [ii]). Indeed, the court failed to specify which family offense respondent committed. Nevertheless, "remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence" (Matter of Langdon v Langdon, 137 AD3d 1580, 1582 [4th Dept 2016]; see Matter of Masciello v Masciello, 130 AD3d 626, 626 [2d Dept 2015]). Upon that review, we conclude that a fair preponderance of the evidence establishes that respondent committed the family offense of harassment in the second degree (see §§ 812 [1] [a]; 832; Penal Law § 240.26 [1], [3]; see generally Matter of Frimer v Frimer, 143 AD3d 895, 896 [2d Dept 2016]).
We also agree with respondent's further contention that the court erred in denying the alternative relief sought in the motion to modify the duration of the order of protection. Accepting, as we do, the court's finding of "aggravating circumstances" based on respondent's repeated violations of prior orders of protection (Family Ct Act § 827 [a] [vii]), the maximum duration of the order of protection is five years (see § 842). We therefore modify the order of [*2]protection accordingly.
We have considered respondent's remaining contentions and conclude that they are without merit.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court