Matter of Lengiewicz v Lengiewicz (2018 NY Slip Op 08299)





Matter of Lengiewicz v Lengiewicz


2018 NY Slip Op 08299


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10621
 (Docket No. O-08169-17)

[*1]In the Matter of Malgorzata Lengiewicz, respondent,
v
Bogdan Lengiewicz, appellant.


Abbie C. Shapiro, Mount Sinai, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Bogdan Lengiewicz appeals from an order of protection of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated September 11, 2017. The order of protection, after a fact-finding hearing, inter alia, directed Bogdan Lengiewicz to stay away from the petitioner and the child Anthony G. for a period up to and including September 11, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In May 2017, the petitioner filed a family offense petition in Family Court seeking an order of protection against the appellant for herself and her child, alleging that the appellant had committed numerous family offenses against her. After a fact-finding hearing, the court determined that the appellant's conduct constituted harassment in the second degree and disorderly conduct. The court then issued an order of protection directing that the appellant stay away from the petitioner and the child and refrain from any type of communication with them for a period of one year.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Pierre v Dal, 142 AD3d 1021, 1023). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Pierre v Dal, 142 AD3d at 1023).
Although the order of protection expired by its own terms, the appeal from the order has not been rendered academic " given the totality of the enduring legal and reputational consequences of the contested order of protection'" (Matter of Pierre v Dal, 142 AD3d at 1022, quoting Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; see Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151).
Contrary to the appellant's contentions, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offenses of harassment in the second degree and disorderly conduct (see Penal Law §§ 240.20; 240.26).
The Family Court properly added the child as a person protected by the order. A [*2]court may require a petitioner or respondent to "observe such other conditions as are necessary to further the purposes of protection" (Family Ct Act § 842[k]). Here, there was evidence that adding the child to the order was needed to further the purposes of protection. The testimony at the hearing established that the addition of the child to the order was reasonably necessary to protect the petitioner from future family offenses (see Matter of Brito v Vasquez, 93 AD3d 842, 843; Matter of Jodi S. v Jason T., 85 AD3d 1239, 1242).
Accordingly, there is no basis to disturb the order of protection (see Matter of Magana v Delph, 163 AD3d 673; Matter of Washington v Washington, 158 AD3d at 718).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court