Matter of Martinez v Aguilar (2020 NY Slip Op 01171)





Matter of Martinez v Aguilar


2020 NY Slip Op 01171


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-13243
 (Docket No. O-03699-18)

[*1]In the Matter of Fidela Heraclio Martinez, respondent,
v
Alejandra Aguilar, appellant.


Anthony DeGuerre, Staten Island, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Alejandra Aguilar appeals from an order of protection of the Family Court, Queens County (Geoffrey Wright, J.), dated October 5, 2018. The order of protection, after a hearing, and upon a finding that Alejandra Aguilar committed a family offense, directed her, inter alia, to stay away from the petitioner until and including October 5, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
Although the order of protection expired by its own terms on October 5, 2019, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Saquipay v Puzhi, 160 AD3d 879, 879).
Although the Family Court did not specify the particular family offense under Family Court Act § 812(1) that the appellant committed, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Rousseau v Palazzo, 124 AD3d 901, 901; Matter of Stewart v Lassiter, 103 AD3d 734). As relevant here, a person is guilty of harassment in the second degree when, with intent to harass, annoy, or alarm another person, he or she "strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26[1]). A fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26[1]; Matter of Rousseau v Palazzo, 124 AD3d at 901-902).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court