Matter of Israilova v Israilov (2025 NY Slip Op 07384)

Matter of Israilova v Israilov

2025 NY Slip Op 07384

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-11607
2023-11610
 (Docket No. O-1652-23)

[*1]In the Matter of Eva Israilova, respondent,
vMikhail Israilov, appellant.

Flora Rainer, Glendale, NY, for appellant.
New York Legal Assistance Group, New York, NY (Lisa Rivera and Annie L. Zagha of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Mikhail Israilov appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated October 31, 2023, and (2) an order of protection of the same court dated October 30, 2023. The order of fact-finding and disposition, after a hearing, found that Mikhail Israilov committed the family offenses of sexual misconduct, forcible touching, sexual abuse in the third degree, and sexual abuse in the second degree. The order of protection, inter alia, directed Mikhail Israilov to stay away from the petitioner until and including October 30, 2028.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
In January 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against the appellant, Mikhail Israilov. In an order dated October 31, 2023, after a hearing, the Family Court found that the appellant had committed the family offenses of sexual misconduct, forcible touching, sexual abuse in the third degree, and sexual abuse in the second degree, based upon the testimony of the petitioner and the documentary evidence. The court issued an order of protection, inter alia, directing the appellant to stay away from the petitioner until and including October 30, 2028. This appeal ensued.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Wiley v Wiley, 231 AD3d 841, 842 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Wiley v Wiley, 231 AD3d at 842 [internal quotation marks omitted]). The determination should not be disturbed unless clearly unsupported by the record (see Matter of Miloslau v Miloslau, 112 AD3d 632, 632).
Contrary to the appellant's contention, the Family Court's determination that he committed family offenses of sexual misconduct (Penal Law § 130.20), forcible touching (id. § 130.52), sexual abuse in the third degree (id. § 130.55), and sexual abuse in the second degree (id. [*2]§ 130.60) against the petitioner is supported by the record and will not be disturbed.
Additionally, the record demonstrates, among other things, that the appellant violated a prior order of protection and was convicted of tampering with a witness in the fourth degree and criminal contempt in the second degree, regarding the petitioner, which constituted aggravating circumstances warranting a five-year order of protection (see Family Ct Act §§ 827[a][vii], 842; Matter of Kondor v Kondor, 109 AD3d 660, 660-661).
The parties' remaining contentions are either unpreserved for appellate review, without merit, or otherwise not properly before this Court.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court