In a family offense proceeding pursuant to Family Court Act article 8, Gurdeep Singh appeals from an order of protection of the Family Court, Queens County (Fitzmaurice, J.), dated December 22, 2011, which, after a fact-finding hearing, and upon a finding that he committed the family offenses of assault in the second degree, menacing in the second degree, and reckless endangerment in the second degree, directed him, inter alia, to stay away from the petitioner for a period up to and including November 18, 2016.
Ordered that the order of protection is affirmed, without costs or disbursements.
In a family offense proceeding, the allegations asserted in a petition seeking the issuance of an order of protection must be supported by “a fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Hasbrouck v Hasbrouck, 59 ADSd 621 [2009]; Matter of Patton v Torres, 38 AD3d 667, 668 [2007]; Matter of Dabbene v Dabbene, 297 AD2d 812 [2002]; Matter of Hogan v Hogan, 271 AD2d 533 [2000]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Luke v Luke, 72 AD3d 689 [2010]; Matter of Holder v Francis, 67 AD3d 679 [2009]; Matter of Sblendorio v D’Agostino, 60 AD3d 773 [2009]; Matter of Fernandez v Pacheco, 59 AD3d 542, 543 [2009]).
At a fact-finding hearing before the Family Court, it was established by a fair preponderance of the evidence that the appellant committed the family offenses of assault in the second *934 degree (see Family Ct Act § 812 [1]; Penal Law § 120.05), menacing in the second degree (see Penal Law § 120.14 [2]), and reckless endangerment in the second degree (see Penal Law § 120.20). Further, the Family Court’s finding that aggravating circumstances were present was supported by the record (see Matter of Kaur v Singh, 101 AD3d 877, 878 [2012]; Matter of Hassett v Hassett, 4 AD3d 527 [2004]; Matter of Reilly v Reilly, 254 AD2d 361, 362 [1998]). Accordingly, the Family Court properly issued an order of protection directing the appellant to stay away from the petitioner for a period of five years (see Family Ct Act § 842). Skelos, J.R, Leventhal, Lott and Cohen, JJ., concur.