■ In the Matter of GLORIA P. MARGARY, Appellant, v GILBERT M. MARTINEZ, Respondent. [989 NYS2d 78]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals, (1) as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Cannataro, J.), dated May 31, 2013, as, af-

ter a hearing, directed the issuance of an order of protection in favor of her and against the respondent for a period of only six months, and (2) from so much of an order of protection of the same court also dated May 31, 2013, as failed to direct the respondent to stay away from the petitioner's home, school, business, and place of employment, failed to find that aggravating circumstances existed, and directed the respondent to refrain from committing certain acts against her only for the period up to and including November 29, 2013.

Ordered that the order of fact-finding and disposition is modified, on the facts, (1) by deleting from the second decretal paragraph thereof the words "six months" and substituting therefor the words "five years," and (2) by adding thereto a decretal paragraph finding that aggravating circumstances exist, including the use of a dangerous instrument by the respondent against the petitioner; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from; and it is further,

Ordered that the order of protection is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing that the order of protection shall remain in force until and including November 29, 2013, and substituting therefor a provision directing that the order of protection shall remain in effect until and including May 31, 2018, and (2) by adding thereto a provision directing the respondent to stay away from the petitioner's home, school, business, and place of employment up to and including May 31, 2018; as so modified, the order of protection is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

After a fact-finding hearing, the Family Court determined that the respondent committed the family offense of menacing in the second degree by displaying a gun and threatening the petitioner with it (see Penal Law § 120.14 [1]). The court issued an order of protection in favor of the petitioner, pursuant to Family Court Act § 842, requiring the respondent to refrain from committing a family offense or criminal offense against the petitioner for a period of six months.

Since, on appeal, the petitioner contends that the Family Court erred in declining to find that aggravating circumstances existed, and improvidently exercised its discretion in fixing the term of the order of protection at a period of only six months and in declining to direct the respondent to stay away from the petitioner's home, school, business, and place of employment, the petitioner's appeal from the order of protection has not

been rendered academic, even though it has expired by its terms (*see Matter of V.C. v H.C.*, 257 AD2d 27, 32-33 [1999]).

We agree with the petitioner that the Family Court improvidently exercised its discretion in fixing the term of the order of protection at a period of only six months. The record supported a finding of aggravating circumstances, based on the respondent's use of a dangerous instrument against the petitioner, which justified the issuance of an order of protection with a term of up to five years (*see* Family Ct Act §§ 827 [a] [vii]; 842; Penal Law § 10.00 [13]; *Matter of Kondor v Kondor*, 109 AD3d 660, 661 [2013]; *cf. Matter of Pereira-Marshall v Marshall*, 48 AD3d 574, 575 [2008]). Thus, we modify the order of protection to direct that it remain in effect until and including May 31, 2018. Moreover, under the circumstances presented here, the inclusion in the order of protection of a directive that the respondent stay away from the petitioner's home, school, business, and place of employment is reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the family disturbance (*see* Family Ct Act § 842 [a]; *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]; *Merola v Merola*, 146 AD2d 611, 612 [1989]).

Contrary to the respondent's contention, the Family Court properly exercised subject matter jurisdiction over the petitioner's family offense petition despite the fact that most of the alleged acts occurred in Pennsylvania (*see Matter of Richardson v Richardson*, 80 AD3d 32 [2010]). Since the respondent did not appeal or cross-appeal, his remaining contentions, made in connection with his request for certain affirmative relief, are not properly before this Court (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Matter of Quintanilla v Morales*, 110 AD3d 1081, 1082 [2013]). Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.