██ In the Matter of LIYA LIU, Appellant, v WILLIE YIP, Respondent. [8 NYS3d 380]—

Appeals from (1) an order of protection of the Supreme Court, Kings County (IDV part) (Patricia E. Henry, J.), dated April 30, 2014, (2) a decision of that court dated January 30, 2014, and (3) an amended decision of that court dated April 30, 2014. The order of protection, insofar as appealed from, directed the respondent to stay away from the petitioner only until and including September 23, 2015.

Ordered that the appeals from the decision dated January 30, 2014, and the amended decision dated April 30, 2014, are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the order of protection is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the order of protection shall remain in force and effect until and including September 23, 2015, and substituting therefor a provision directing that the order of protection shall remain in force and effect until and including April 30, 2019; as so modified, the order of protection is affirmed insofar as appealed from, without costs or disbursements.

In June 2010, the petitioner commenced a family offense proceeding seeking, inter alia, an order of protection against the respondent, alleging that the respondent had committed a multitude of family offenses against her. In August 2010, a criminal complaint was filed charging the respondent with harassment in the second degree and multiple counts of aggravated harassment in the second degree, and the matters were transferred to the Integrated Domestic Violence Part of the Supreme Court. After a hearing, the Supreme Court determined that the respondent's conduct constituted aggravated harassment in the second degree, criminal mischief in the fourth degree, violating an order of protection, assault in the third degree, menacing in the second degree, and attempted assault in the third degree, and that aggravating circumstances existed based upon the physical injuries inflicted upon the petitioner by the respondent during one incident and the respondent's use of a dangerous instrument against the petitioner

during another incident. The court then issued an order of protection directing that the respondent stay away from the petitioner and refrain from any type of communication with her for a period of one year and five months, until and including September 23, 2015.

On appeal, the petitioner contends that the Supreme Court improvidently exercised its discretion in fixing the term of the order of protection at a period of only one year and five months. We agree.

The Supreme Court made a finding on the record that the respondent caused the petitioner physical injury and used a dangerous instrument against the petitioner, establishing aggravating circumstances permitting the final order of protection to be issued for a period of five years (*see* Family Ct Act §§ 827 [a] [vii]; 842). The presence of aggravating circumstances itself indicates that a period of more than two years is necessary. Moreover, the record established that the respondent repeatedly assaulted, injured, and threatened the petitioner, and violated a temporary order of protection. Under these circumstances, a five-year period of protection is appropriate (*see* Family Ct Act § 842; *see e.g. Matter of Margary v Martinez*, 118 AD3d 1004 [2014]; *Matter of Kaur v Singh*, 112 AD3d 933 [2013]; *Matter of Kondor v Kondor*, 109 AD3d 660 [2013]; *Matter of Harry v Harry*, 85 AD3d 790 [2011]). Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.