Matter of Anecia S.H. v Grevelle D.B. (2019 NY Slip Op 04464)





Matter of Anecia S.H. v Grevelle D.B.


2019 NY Slip Op 04464


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9544

[*1]In re Anecia S.H., Petitioner-Appellant-Respondent,
v
Grevelle D.B., Respondent-Respondent-Appellant.


Paul, Weiss, Rifkind, Wharton & Garrison, LLP, New York (Elana Rose Beale of counsel), for appellant-respondent.
Anne Reiniger, New York, for respondent-appellant.



Order, Supreme Court, Bronx County (IDV Part)(Judith Lieb, J.), entered on or about April 24, 2018, which determined, after a dispositional hearing, that petitioner proved aggravating circumstances and granted her request for a five-year order of protection, to be calculated from the issuance of a criminal order of protection, same court and Justice, entered on or about March 9, 2017, to expire on March 8, 2022, unanimously affirmed, without costs.
The record supports the finding of aggravating circumstances, namely that respondent's actions of attempting to strangle petitioner, hitting her head against the wall, and threatening to kill her, constituted "an immediate and ongoing danger" and were perpetrated while the parties' child was in close proximity, thus exposing him to injury (see Family Ct Act §§ 827[a][vii]; 842; see Matter of Kondor v Kondor, 109 AD3d 660, 661 [2d Dept 2013]). Accordingly, we uphold the finding of aggravating circumstances (see e.g. Matter of Leticia T. v Tomas V., 12 AD3d 170 [1st Dept 2004]).
However, contrary to petitioner's contention, we find that the IDV court acted within its discretion in calculating the duration of the five-year civil order of protection from the date of a criminal order of protection issued by the same court on March 9, 2017, upon respondent's sentencing in the criminal proceeding. Although petitioner argues that the IDV court erred as a matter of law in "backdating" the civil order of protection, the duration of an order of protection is a matter of the court's discretion within the guidelines set by statute (see Family Ct Act § 842; Matter of Liu v Yip, 127 AD3d 1196, 1197 [2d Dept 2015]).
As well, we find unpersuasive petitioner's claim that by setting a retroactive date of commencement for the civil order of protection, the IDV court subverted the Legislature's intent to establish " stronger and more aggressive court intervention in family offense cases'" (see Matter of Richardson v Richardson, 80 AD3d 32, 40 [2d Dept 2010] [discussing the legislative history of the 1994 amendment granting concurrent jurisdiction to criminal and family courts]). Petitioner still had access to both tribunals, and the IDV court found respondent guilty of criminal charges (see People v Bartley, 163 AD3d 435 [1st Dept 2018], lv denied 32 NY3d 1063 [2018]), in addition to the findings in the instant family offense proceeding. Based on the foregoing, we see no reason to disturb the IDV court's decision to calculate the duration of the civil order of protection from the issuance of the criminal order of protection, which still resulted in a period of approximately four years.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK