GG Acquisitions, LLC v Mount Olive Baptist Church of Manhasset (2019 NY Slip Op 09256)





GG Acquisitions, LLC v Mount Olive Baptist Church of Manhasset


2019 NY Slip Op 09256


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-01257
 (Index No. 609186/18)

[*1]GG Acquisitions, LLC, appellant, 
v
Mount Olive Baptist Church of Manhasset, respondent.


Forchelli Deegan Terrana LLP, Uniondale, NY (Peter Basil Skelos and Danielle B. Gatto of counsel), for appellant.
The Chandler Law Firm, PLLC, Valley Stream, NY (Monte Malik Chandler of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of certain provisions of a contract to sell real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 5, 2018. The order, insofar as appealed from, denied the plaintiff's cross motion for preliminary injunctive relief.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The underlying facts of this action are summarized in a related appeal decided herewith (see Matter of Mount Olive Baptist Church of Manhasset, ___ AD3d ___). In November 2012, the defendant, Mount Olive Baptist Church of Manhasset (hereinafter the church), contracted to sell certain premises in Manhasset that it owned to the plaintiff, GG Acquisitions, LLC (hereinafter GG). In an order dated March 14, 2016, the Supreme Court denied the church's petition pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511 for court approval of the sale, without prejudice to submit an amended application. The court determined that the terms of the contract were not fair and reasonable to the church (see N-PCL 511[d]). Particularly, the court expressed concern over the use of a purchase money mortgage as a substantial component of the purchase price. Thereafter, in accordance with the contract, GG presented the church with a series of revised terms in an effort to address the court's concerns with the contract. The last revised proposal increased the purchase price, but continued to utilize a purchase money mortgage for a substantial portion of the purchase price, albeit at a slightly higher interest rate and with a shorter term than originally proposed. Believing that the revised terms did not resolve the court's concerns with the original contract terms, the church moved in its proceeding for a declaration that the contract and its amendments are null and void.
GG thereafter commenced this action seeking, inter alia, specific performance of certain provisions of the contract by compelling the church to execute an amendment to the contract containing the proposed revised terms and to "use its best efforts" to obtain court approval of the amended contract. The church moved pursuant to CPLR 3211(a) to dismiss the amended complaint or, alternatively, for summary judgment dismissing the amended complaint. GG cross-moved for a preliminary injunction "to toll" the date of the closing and to enjoin the church from terminating [*2]the contract or taking any steps to convey the premises to another party.
In the proceeding, in an order entered December 6, 2018, the Supreme Court granted the church's motion for a declaration that the contract and its amendments are null and void. Thereafter, in this action, in an order issued at the same time, the court denied both the church's motion, inter alia, to dismiss the amended complaint and GG's cross motion for preliminary injunctive relief, concluding that the motion and cross motion were academic. GG appeals.
In the related appeal, we have determined, on procedural grounds, that the Supreme Court should not have granted the church's motion in the proceeding for a declaration that the contract and its amendments are null and void (see Matter of Mount Olive Baptist Church of Manhasset, ___ AD3d ___). In light of that determination, GG's cross motion for preliminary injunctive relief is no longer academic. Nevertheless, we affirm the denial of the cross motion on the merits.
"To be entitled to a preliminary injunction, a movant must establish: (1) a likelihood of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Keller v Kay, 170 AD3d 978, 981; see CPLR 6301). Here, GG failed to establish a likelihood of success on the merits on its cause of action for specific performance of certain provisions of the contract.
Upon a petition pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511 for judicial approval of the sale of property owned by a religious corporation, the court may authorize the sale "[i]f it shall appear, to the satisfaction of the court, that the consideration and the terms of the transaction are fair and reasonable to the corporation and that the purposes of the corporation or the interests of the members will be promoted" (N-PCL 511[d]; see generally Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712, affd 54 NY2d 742).
The contract here required the church to apply to the Supreme Court for approval of the sale and to "use its best efforts" to obtain the approval. In the event approval was not obtained because a term or condition of the contract was unacceptable to the court, GG had the right to amend the contract to make the unacceptable term or condition acceptable to the court. The church agreed to promptly execute an amendment to the contract modifying such unacceptable term or condition, and to then immediately seek court approval of the modified contract. Further, in multiple amendments to the contract which extended the closing date, the church agreed to continue to "prosecute all necessary filings, submissions, and applications with respect to obtaining" court approval and to use its best efforts to obtain the approval. However, the contract also provided that GG was not required to agree to any condition to the issuance of court approval that was materially adverse to its interests. It further provided that, "[i]f Purchaser is not willing to so agree to any condition to the issuance of any consent, approval, order, qualification or waiver that is materially adverse to its interests, then it shall be deemed that Seller was unable to obtain the approvals."
In denying the church's petition for approval of the sale under the original terms of the contract, the Supreme Court clearly was concerned with the inclusion of a purchase money mortgage as a substantial component of the purchase price, stating, "[t]he Church is not a bank, rather it is a not-for-profit religious corporation and should not be making loans and be put at risk of receiving less than fair market value for its property." Despite numerous extensions of the closing date and multiple proposals to revise the terms of the contract, GG failed to proffer proposed amended terms that did not include a purchase money mortgage as a substantial component of the purchase price. While the cash component of the February 2018 proposal was increased from the original proposed contract terms, it was still lower than the fair market value of the premises as determined by the appraisal submitted in support of the church's initial petition for approval of the sale.
Under the express terms of the contract, since GG has not been willing to agree to proposed terms that would resolve the Supreme Court's reasonable concerns with the original terms, [*3]the church was deemed to have been unable to obtain the required court approval of the sale and was no longer obligated to use its best efforts to do so. The relief requested in the specific performance cause of action is therefore futile, since the February 2018 proposed revised terms would not be approved by the court as fair and reasonable to the church if the church were to execute an amendment to the contract containing those terms and submit it to the court for approval, as sought by GG in this action for specific performance and related declaratory relief.
Accordingly, GG's cross motion for preliminary injunctive relief should have been denied on the merits.
The church's request for certain affirmative relief is not properly before this Court (see Hecht v New York, 60 NY2d 57, 61; Matter of Margary v Martinez, 118 AD3d 1004, 1006).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court