Goikhman v Biton (2020 NY Slip Op 02767)





Goikhman v Biton


2020 NY Slip Op 02767


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10220
2018-13511
 (Index No. 50548/15, Docket No. O-365-15)

[*1]Melissa Goikhman, respondent,
v
Shlomo Biton, appellant.


Steven P. Forbes, Jamaica, NY, for appellant.
Melissa Goikhman, Brooklyn, NY, respondent pro se.
Janet Neustaetter, The Children's Law Center, Brooklyn, NY (Nesta Johnson of counsel), attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief and a related proceeding pursuant to Family Court Act article 8, the father appeals from (1) a decision and order (one paper) of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated February 5, 2018, and (2) a judgment of divorce of the same court entered June 1, 2018. The decision and order, insofar as appealed from, after a nonjury trial, directed the issuance of an order of protection against the father requiring him to stay away from the mother for a period of five years. The judgment, insofar as appealed from, upon the decision and order, awarded the mother sole legal and physical custody of the children and awarded the father parental access with the children.
ORDERED that the decision and order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in a civil ceremony in 2005 and a religious ceremony in 2006. They have two children together.
The mother commenced an action for a divorce and ancillary relief in February 2015 following a domestic incident in January 2015. The mother was awarded a temporary order of protection against the father. The mother later filed a family offense petition in May 2015. Both parties filed petitions for custody of the children. The action for a divorce was transferred to the Integrated Domestic Violence (IDV) part of the Supreme Court on September 10, 2015, to join the family offense proceeding, as well as a related criminal matter (see 22 NYCRR 141.4[b]).
In a decision and order dated February 5, 2018, after a nonjury trial, the Supreme Court, inter alia, directed the issuance of an order of protection against the father requiring him to stay away from the mother for a period of five years, finding that the father's commission of family [*2]offenses against the mother in front of the children constituted aggravating circumstances warranting the imposition of a five-year order of protection. In a judgment of divorce entered June 1, 2018, the court awarded the mother sole legal and physical custody of the children and awarded the father parental access with the children on alternate weekends from Friday at 5:00 p.m. until Saturday at 6:00 p.m., as well as an alternating schedule of school, religious, and legal holidays. The father appeals.
"An award of custody must be based upon the best interests of the child, and there is no prima facie right to the custody of the child in either parent" (Bressler v Bressler, 122 AD3d 659, 659). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Carr v Thomas, 169 AD3d 903, 904). Here, the Supreme Court's determination that the children's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Masri v Masri, 171 AD3d 1183; Matter of Carr v Thomas, 169 AD3d at 904).
The determination of parental access also is within the sound discretion of the court based upon the best interest of the children (see Matter of Lane v Lane, 68 AD3d 995, 997), and should not be set aside unless it lacks a sound and substantial basis in the record (see Reilly v Hager-Reilly, 166 AD3d 825, 827). Here, the Supreme Court's determination as to the father's parental access with the children has a sound and substantial basis in the record, and there is no basis to disturb it (see id. at 827).
The Supreme Court's determination directing the issuance of an order of protection against the father requiring him to stay away from the mother for a period of five years, upon its finding that the father's commission of family offenses against the mother in front of the children constituted aggravating circumstances warranting the imposition of a five-year order of protection, is supported by the record. The record established that the father committed family offenses against the mother in the presence of the children (see Family Ct Act §§ 827[a][vii]; 842; Matter of Harry v Harry, 85 AD3d 790, 791; Matter of Reilly v Reilly, 254 AD2d 361). Under the circumstances of this case, a five-year order of protection is appropriate (see generally Matter of Kaur v Singh, 112 AD3d 933, 934).
Accordingly, we affirm the decision and order and the judgment of divorce insofar as appealed from.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court