Matter of Royal v Royal (2020 NY Slip Op 06130)





Matter of Royal v Royal


2020 NY Slip Op 06130


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04269
 (Docket No. O-15275-18)

[*1]In the Matter of Mireille M. Royal, respondent,
v
Albert Royal, appellant.


Roger N. Schumann, New York, NY, for appellant.
Lauri Gennusa, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Albert Royal appeals from an order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated April 1, 2019. The order of protection, after a hearing, upon a finding that Albert Royal had committed various family offenses, determined that aggravating circumstances existed based on the commission of family offenses in the presence of the children, the display of a dangerous instrument, and physical injury to the petitioner, and directed Albert Royal, inter alia, to stay away from the petitioner and her home and place of employment and to refrain from communicating with her until and including March 31, 2024.
ORDERED that the order of protection is modified, on the law and the facts, by deleting the provision thereof finding aggravating circumstances based on "physical injury to the petitioner"; as so modified, the order of protection is affirmed, without costs or disbursements.
The petitioner, Mireille M. Royal (hereinafter the mother), and the respondent, Albert Royal (hereinafter the father), are married and are the parents of two children, one born in 2014 and the other in 2015. In June 2018, the mother commenced this family offense proceeding pursuant to Family Court Act article 8, alleging in her amended petition, inter alia, that the father had committed various family offenses and alleging aggravating circumstances, and seeking an order of protection.
After conducting a combined fact-finding and dispositional hearing, the Family Court found that the father had committed the family offenses of attempted assault in the third degree, harassment in the second degree, sexual misconduct, forcible touching, and criminal obstruction of breathing or blood circulation and further found aggravating circumstances in that the father had committed some of the family offenses in the presence of the parties' children, the father had used a gun to scare the mother, and there was physical injury to the mother. Thereupon, the court issued an order of protection directing the father, among other things, to stay away from the mother and her home and place of employment and to refrain from communicating with her until and including March 31, 2024. The father appeals from the order of protection.
In a family offense proceeding, the allegations of the petition must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Zhuo Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167; Matter of Tulshi v Tulshi, 118 AD3d 716, 716). "The determination [*2]of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Tulshi v Tulshi, 118 AD3d at 716 [internal quotation marks omitted]; see Matter of Creighton v Whitmore, 71 AD3d 1141, 1141). The Family Court's determination as to the credibility of witnesses is entitled to great weight on appeal and if supported by the record will not be disturbed (see Matter of Tulshi v Tulshi, 118 AD3d at 716-717; Matter of Luke v Luke, 72 AD3d 689, 689).
Here, contrary to the father's contention, the Family Court's findings that the father committed the family offenses of criminal obstruction of breathing or blood circulation, attempted assault in the third degree, harassment in the second degree, sexual misconduct, and forcible touching are supported by a fair preponderance of the evidence. The court was presented with conflicting testimony from the parties as to whether the father committed the family offenses alleged in the petition. Its findings that the mother was a credible witness and that the father's testimony was not credible as it consisted mainly of blanket denials are supported by the record and should not be disturbed (see Matter of Luke v Luke, 72 AD3d at 689).
Also contrary to the father's contention, the Family Court's findings that aggravating circumstances were present (see Family Ct Act §§ 827[a][vii], 842; see also Matter of Kondor v Kondor, 109 AD3d 660, 660-661) based on his commission of some of the subject family offenses against the mother in the presence of their children (see Goikhman v Biton, 183 AD3d 704, 705-706) and on his use of a gun against the mother to scare her (cf. Matter of Pereira-Marshall v Marshall, 48 AD3d 574, 575) were supported by the record. However, we agree with the father that the court's finding of aggravating circumstances based on physical injury to the mother caused by him is not supported by the record (see Penal Law § 10.00[9]; Matter of Kristine Z. v Anthony C., 21 AD3d 1319, 1320-1321), and, therefore, we modify the order of protection accordingly.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court