Matter of Arnold v Mills (2021 NY Slip Op 02518)





Matter of Arnold v Mills


2021 NY Slip Op 02518


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-09598 
2019-09599
2019-09600
 (Docket Nos. O-31900-17, O-31987-17)

[*1]In the Matter of Trenise Arnold, respondent,
v
Abdul H. Mills, appellant. (Proceeding No. 1.)
In the Matter of Abdul H. Mills, appellant,
v
Trenise Arnold, respondent. (Proceeding No. 2.)


Robert Marinelli, New York, NY, for appellant.
Linda C. Braunsberg, Staten Island, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel; Victoria Glock-Molly on the brief), attorney for the children.



DECISION & ORDER
In related family offense proceedings pursuant to Family Court Act article 8, Abdul H. Mills appeals from (1) an order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated July 8, 2019, (2) an order of fact-finding and disposition of the same court, also dated July 8, 2019, and (3) an order of dismissal of the same court, also dated July 8, 2019. The order of protection, after a hearing, inter alia, directed Abdul H. Mills to stay away from Trenise Arnold until and including July 7, 2021. The order of fact-finding and disposition, after a hearing, found that Abdul H. Mills had committed the family offenses of harassment in the second degree and disorderly conduct and granted Trenise Arnold's family offense petition. The order of dismissal, after a hearing, dismissed Abdul H. Mills's family offense petition.
ORDERED that the order of protection, the order of fact-finding and disposition, and the order of dismissal are affirmed, without costs or disbursements.
In November 2017, Trenise Arnold commenced a family offense proceeding, alleging, inter alia, that Abdul H. Mills committed the family offenses of harassment in the second degree and disorderly conduct. Thereafter, Mills filed his own family offense petition, alleging, among other things, that Arnold committed the family offense of harassment in the second degree. The Family Court, after a hearing, granted Arnold's petition and dismissed Mills's petition. Mills appeals.
In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence (see Matter of Cassie v Cassie, 109 AD3d 337, 340). The determination of whether a family offense was committed is a factual issue to be resolved by [*2]the Family Court, and that court's determination regarding the credibility of the witnesses is entitled to great weight on appeal (see Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340). Here, the Family Court's determination was based upon its credibility assessments and is supported by the record.
On appeal, Mills contends that his petition should have been granted based upon allegations of acts that occurred in November 2016. However, those acts cannot support a finding that Arnold committed the family offense of harassment in the second degree because Mills's petition contained no facts regarding that incident (see Matter of Kim Yvette W. v Leola Patricia W., 140 AD3d 495, 495). Further, the facts which were alleged in Mills's petition were not established (see Matter of Whittemore v Lloyd, 266 AD2d 305, 305). Accordingly, there is no basis to disturb the Family Court's determinations.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court