Matter of Plissner v Louie (2021 NY Slip Op 03037)





Matter of Plissner v Louie


2021 NY Slip Op 03037


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2020-04143
 (Docket No. O-3272/19)

[*1]In the Matter of Ian Plissner, respondent,
v
Mary Louie, appellant.


Francine Scotto, Staten Island, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Mary Louie appeals from an order of protection of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated February 14, 2020. The order of protection, after a hearing, upon a decision of the same court dated February 14, 2020, finding that Mary Louie committed the family offense of harassment in the second degree, directed her, inter alia, to refrain from assaulting, stalking, or harassing Ian Plissner until and including February 13, 2021.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In July 2019, the petitioner filed a family offense petition seeking an order of protection against the appellant. Following a hearing, the Family Court determined that the appellant's conduct constituted the family offense of harassment in the second degree. The court issued an order of protection directing the appellant, inter alia, to refrain from assaulting, stalking, or harassing Ian Plissner until and including February 13, 2021.
Although the order of protection expired by its own terms on February 13, 2021, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v. Radcliff A., 24 NY3d 668, 673; Matter of Stringer v Grant, 187 AD3d 1198).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Harris v Harris-Olayinka, 181 AD3d 605, 605; see Family Ct Act § 832). "'The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court'" (Matter of Kaur v Singh, 73 AD3d 1178, 1178, quoting Matter of Creighton v Whitmore, 71 AD3d 1141, 1141). "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Rall v Phillips, 177 AD3d 641, 642).
Here, a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree, as she engaged in a course of conduct which was intended to and did alarm or seriously annoy the petitioner and which served no legitimate purpose. The intent element of the offense "is properly inferred from [the appellant's] conduct and the surrounding circumstances" (Matter of Messana v Messana, 115 AD3d 860, 861).
We reject the appellant's contention that her conduct was protected by the First Amendment (see People v Shack, 86 NY2d 529, 535-536; Matter of Esipova v Goloubev, 173 AD3d 1024, 1025).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court