Matter of Mansour v Mahgoub (2022 NY Slip Op 01024)





Matter of Mansour v Mahgoub


2022 NY Slip Op 01024


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2020-08975
 (Docket No. O-342-16)

[*1]In the Matter of Wesam Mansour, respondent,
v
Rami Mahgoub, appellant.


Allan D. Shafter, Port Washington, NY, for appellant.
Joel Borenstein, Brooklyn, NY, for respondent.
Placidus Aguwa, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Rami Mahgoub appeals from an order of fact-finding and disposition of the Family Court, Queens County (Dweynie E. Paul, J.), dated September 11, 2020. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that Rami Mahgoub committed the family offenses of menacing in the second degree, disorderly conduct, and three separate offenses of harassment in the second degree against the petitioner and two separate offenses of disorderly conduct against Ahmed M., and directed the issuance of an order of protection in favor of the petitioner and Ahmed M. and against him for a period of five years.
ORDERED that the order of fact-finding and disposition is modified, on the law and the facts, (1) by deleting the provision thereof finding that Rami Mahgoub committed the family offense of disorderly conduct against Ahmed M. in May 2012, and (2) by deleting the provision thereof finding that Rami Mahgoub committed the family offense of menacing in the second degree against the petitioner, and substituting therefor a provision finding that Rami Mahgoub committed the family offense of menacing in the third degree against the petitioner; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner and the appellant, who are divorced, are the parents of a child born in 2007. In 2016, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8, alleging in her amended petition, that the appellant committed various family offenses in 2012 and 2016, and seeking an order of protection against the appellant for herself and the child.
After conducting a fact-finding hearing, the Family Court set forth findings that the appellant committed the family offenses of menacing in the third degree, disorderly conduct, and three separate offenses of harassment in the second degree against the petitioner and two separate offenses of disorderly conduct against the child. However, in the decretal paragraphs of the order appealed from, the court entered a finding that the appellant committed the family offense of menacing in the second degree, rather than menacing in the third degree. In addition, the court determined that there were aggravating circumstances, and issued a five-year order of protection against the appellant and in favor of the petitioner and the child.
"'In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence'" (Matter of Shank v Miller, 148 AD3d 1160, 1160, quoting Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832; Matter of Livesey v Gulick, 194 AD3d 1045, 1047). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court'" (Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 608, quoting Matter of Washington v Washington, 158 AD3d 717, 718; see Matter of Livesey v Gulick, 194 AD3d at 1047). The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal (see Matter of Livesey v Gulick, 194 AD3d at 1047; Matter of Streat v Streat, 117 AD3d 837, 838).
Here, the evidence adduced at the hearing failed to establish, by a fair preponderance of the evidence, that the appellant committed the family offense of disorderly conduct against the child in May 2012, because there was no evidence that he acted with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm (see Matter of Little v Renz, 137 AD3d 916, 916). However, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported the court's finding that the appellant committed the family offense of harassment in the second degree against the petitioner in May 2012 (Penal Law § 240.26). Further, a fair preponderance of the evidence adduced at the fact-finding hearing supported the court's findings that the appellant committed the family offenses of harassment in the second degree (id.), menacing in the third degree (id. § 120.15), and disorderly conduct (id. § 240.20) in 2016. In addition, the court's finding of aggravating circumstances was supported by the record based, inter alia, on the appellant's violation of temporary orders of protection that were in favor of the petitioner and the child (see Matter of Liu v Yip, 127 AD3d 1196, 1197), and his commission of some of the subject family offenses in the presence of the child (see Matter of Royal v Royal, 187 AD3d 1195, 1197).
An order must conform strictly to the underlying decision, and where an order is inconsistent with the underlying decision, the decision controls (see Valensi v Park Ave. Operating Co., LLC, 169 AD3d 960, 962; Matter of Schwarzenberger, 116 AD3d 868, 869-870). Here, the order appealed from failed to conform to the Family Court's determination to the extent that it entered a finding that the appellant committed the family offense of menacing in the second degree, rather than menacing in the third degree. Accordingly, we modify the order to conform to the court's determination that the appellant committed the family offense of menacing in the third degree (see Valensi v Park Ave. Operating Co., LLC, 169 AD3d at 962).
The appellant's remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court