Matter of Lederman v Lederman (2022 NY Slip Op 04805)

Matter of Lederman v Lederman

2022 NY Slip Op 04805

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-09320
2020-09322
2020-09394
 (Docket No. O-19201-15)

[*1]In the Matter of Raizel Lederman, respondent,
v
Shimon Lederman, appellant.

Jacqueline Cabrera, Jamaica, NY, for appellant.
Eric A. Schwartz, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Laura Solecki of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from (1) a temporary order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated December 18, 2019, (2) an order of fact-finding and disposition of the same court dated December 4, 2020, and (3) an order of protection of the same court dated December 3, 2020. The temporary order of protection, inter alia, directed the father to stay away from the petitioner for a period up to and including February 6, 2020. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father committed the family offenses of harassment in the second degree, criminal mischief in the fourth degree, and disorderly conduct, and directed the issuance of an order of protection in favor of the petitioner and against him based upon a finding of aggravating circumstances. The order of protection, among other things, directed the father to stay away from the petitioner for a period up to and including December 3, 2023.
ORDERED that the appeal from the temporary order of protection is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 8 (see Family Ct Act § 1112[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order of fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that the father committed the family offense of disorderly conduct; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
"In a family offense proceeding, the petitioner has the burden of establishing the [*2]offense by a fair preponderance of the evidence" (Matter of Marin v Banasco, 203 AD3d 924, 924-925 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Livesey v Gulick, 194 AD3d 1045, 1047). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Plissner v Louie, 194 AD3d 820, 821 [internal quotation marks omitted]; see Matter of Arnold v Mills, 193 AD3d 1041). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Mansour v Mahgoub, 202 AD3d 961, 962; see Matter of Royal v Royal, 187 AD3d 1195, 1196). "'In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial or hearing judge had the advantage of seeing and hearing the witnesses'" (Matter of Griffith v Joseph, 173 AD3d 868, 868-869, quoting Matter of State of New York v Raul L., 120 AD3d 52, 59).
Here, we agree with the father that the evidence adduced at the fact-finding hearing failed to prove by the requisite preponderance of the evidence that the father committed acts constituting the family offense of disorderly conduct. There was no evidence that the father "acted with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm" (Matter of Mansour v Mahgoub, 202 AD3d at 962; see Penal Law § 240.20; Matter of Olsen v Statile, 193 AD3d 741, 742-743). Accordingly, we exercise our factual review power to vacate the finding that the father committed the family offense of disorderly conduct. However, according deference to the credibility determinations of the Family Court, at the fact-finding hearing the mother proved by the requisite preponderance of the evidence that the father committed acts constituting the family offenses of harassment in the second degree (Penal Law § 240.26) and criminal mischief in the fourth degree (id. § 145.00; see Family Ct Act § 812[1]; Matter of Mansour v Mahgoub, 202 AD3d at 963; Matter of Finn v Harrison, 188 AD3d 1200, 1201; Matter of Griffith v Joseph, 173 AD3d at 869). Further, contrary to the father's contention, the court's finding that aggravating circumstances were present (see Family Ct Act §§ 827[a][vii]; 842) was supported by the record based upon, inter alia, the father's commission of some of the family offenses established in the presence of the parties' children (see Matter of Mansour v Mahgoub, 202 AD3d at 963; Matter of Royal v Royal, 187 AD3d at 1197; Goikhman v Biton, 183 AD3d 704, 706).
To the extent the father argues that the Family Court's credibility determinations were affected by bias, this contention is unpreserved for appellate review and, in any event, without merit (see Matter of Bowe v Bowe, 124 AD3d 645).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court