Matter of Dandu v Jatamoni (2024 NY Slip Op 03424)

Matter of Dandu v Jatamoni

2024 NY Slip Op 03424

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-07144
 (Docket No. O-11599-19)

[*1]In the Matter of Kavitha Dandu, appellant,
v
Chandra Jatamoni, respondent.

Simpson Thacher & Bartlett LLP, New York, NY (Alison M. Sher, Martin S. Bell, and Susan M. Cordaro of counsel), for appellant.
Tammi D. Pere, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated July 7, 2023. The order, insofar as appealed from, after a fact-finding hearing, issued a suspended judgment for a period of six months, until January 7, 2024.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for the issuance of a five-year order of protection that shall remain in force and effect until and including July 7, 2028.
The parties were married in 2010 and divorced in 2018. They have one child together, born in 2011. The petitioner commenced this family offense proceeding in April 2019, alleging, inter alia, five incidents of violence perpetrated by the respondent against her between October 2011 and June 2018. The petitioner sought a five-year order of protection. After a fact-finding hearing, the Family Court, among other things, determined that the respondent committed the family offenses of harassment in the second degree, assault in the second degree, menacing in the third degree, and criminal obstruction of breathing against the petitioner, issued a suspended judgment for a period of six months, and declined to issue an order of protection.
Since, on appeal, the petitioner contends that the Family Court improvidently exercised its discretion in issuing a suspended judgment for a period of six months and in declining to issue a five-year order of protection, the petitioner's appeal from the order has not been rendered academic, even though it has expired by its terms (see Matter of Margary v Martinez, 118 AD3d 1004, 1005-1006).
Under the circumstances of this case, the Family Court improvidently exercised its discretion in declining to issue an order of protection (see Family Ct Act § 842). The court mostly credited the petitioner's testimony and found that the respondent had committed "severe acts of violence" against her. The evidence at the fact-finding hearing demonstrated that the petitioner sustained physical injuries, that the respondent used dangerous instruments against the petitioner during some of the incidents, and that the parties' child was present during some of the incidents. [*2]In light of these aggravating circumstances, the court improvidently exercised its discretion in issuing a suspended judgment for a period of six months instead of issuing a five-year order of protection (see id. §§ 827[a][vii]; 842; Goikhman v Biton, 183 AD3d 704, 705-706; Matter of Liu v Yip, 127 AD3d 1196, 1197; Matter of Margary v Martinez, 118 AD3d at 1006).
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court