Matter of Wiley v Wiley (2024 NY Slip Op 04971)

Matter of Wiley v Wiley

2024 NY Slip Op 04971

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-09159
 (Docket No. O-6001-21)

[*1]In the Matter of Lisa Estelle Wiley, respondent,
v
Johnny Warren Wiley, Sr., appellant.

Gail Jacobs, Great Neck, NY, for appellant.
Jason M. Barbara & Associates, P.C., New Hyde Park, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Johnny Warren Wiley, Sr., appeals from an order of protection of the Family Court, Nassau County (Joy M. Watson, J.), dated September 11, 2023. The order of protection, after a hearing, and upon a finding that Johnny Warren Wiley, Sr., committed the family offense of harassment in the second degree, directed him, inter alia, to stay away from the petitioner until and including September 10, 2024.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, who is her husband. Following a hearing, the Family Court found that the appellant committed the family offense of harassment in the second degree. The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner until and including September 10, 2024.
Although the order of protection has expired by its own terms, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Cook v Berehowsky, 211 AD3d 727, 728).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Lederman v Lederman, 208 AD3d 483, 484 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Lederman v Lederman, 208 AD3d at 484 [internal quotation marks omitted]). "'The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal'" (id., quoting Matter of Mansour v Mahgoub, 202 AD3d 961, 962). In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account in a close case that the trial or hearing judge had the advantage of seeing and hearing the witnesses (see id.).
Here, a fair preponderance of the evidence adduced at the hearing established that the [*2]appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1]), warranting the issuance of an order of protection (see Matter of Yurewich v Read, 209 AD3d 747, 748). The Family Court was presented with sharply conflicting accounts by the parties regarding the subject incident, and its determination to credit the petitioner's testimony over the appellant's testimony is supported by the record (see Matter of Townes v Diggs, 216 AD3d 1104, 1105; Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616). Moreover, the single incident is sufficient to support a finding that the appellant committed harassment in the second degree (see Matter of Polizzi v McCrea, 129 AD3d 733, 734).
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court