Matter of Nunez v Spellen (2025 NY Slip Op 00965)

Matter of Nunez v Spellen

2025 NY Slip Op 00965

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-08710
2023-08711
 (Docket No. O-23467-19)

[*1]In the Matter of Lissete Nunez, appellant-respondent,
v
Brian A. Spellen, respondent-appellant.

Schulte Roth & Zabel LLP, New York, NY (Taleah E. Jennings, Frances D. Rodriguez, and Priyadarshini Das of counsel), for appellant-respondent.
Heath J. Goldstein, Jamaica, NY, for respondent-appellant.
Angella S. Hull, Jamaica, NY, attorney for the children.

DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Lissete Nunez appeals, and Brian A. Spellen cross-appeals, from (1) an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated August 3, 2023, and (2) an order of protection of the same court, also dated August 3, 2023. The order of fact-finding and disposition, insofar as appealed from, after a hearing, did not find that aggravating circumstances existed permitting a final order of protection to be issued for a period of five years and directed Brian A. Spellen to comply with the terms of an order of protection only for a period not to exceed two years. The order of fact-finding and disposition, insofar as cross-appealed from, after a hearing, found that Brian A. Spellen committed the family offenses of disorderly conduct, harassment in the second degree, assault in the third degree, attempted assault in the third degree, criminal obstruction of breathing or blood circulation, menacing in the second degree, menacing in the third degree, and strangulation in the second degree and directed Brian A. Spellen to comply with the terms of an order of protection for a period not to exceed two years. The order of protection, insofar as appealed from, directed Brian A. Spellen to stay away from Lissete Nunez and the parties' children for a period of only two years, until and including August 3, 2025. The order of protection, insofar as cross-appealed from, directed Brian A. Spellen to stay away from Lissete Nunez and the parties' children for a period of two years, until and including August 3, 2025.
ORDERED that the order of fact-finding and disposition is modified, on the facts, (1) by deleting the words "for a period not in excess of two years" from the second decretal paragraph, and substituting therefor the words "for a period not in excess of five years," and (2) by adding thereto a decretal paragraph finding that aggravating circumstances exist; as so modified, the order of fact-finding and disposition is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,
ORDERED that the order of protection is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the order of protection shall remain in effect until and including August 3, 2025, and substituting therefor a provision directing that the [*2]order of protection shall remain in effect until and including August 3, 2028; as so modified, the order of protection is affirmed insofar as cross-appealed from, without costs or disbursements.
The parties were never married, but resided together between 2014 and 2019, and have three children together, born in 2015, 2018, and 2019. Lissete Nunez commenced this family offense proceeding in November 2019, alleging, inter alia, incidents of violence perpetrated by Brian A. Spellen against her between 2015 and 2019. Nunez sought a five-year order of protection. After a fact-finding hearing, the Family Court found that Spellen committed the family offenses of disorderly conduct, harassment in the second degree, assault in the third degree, attempted assault in the third degree, criminal obstruction of breathing or blood circulation, menacing in the second degree, menacing in the third degree, and strangulation in the second degree and directed Spellen to comply with the terms of an order of protection for a period not to exceed two years. The court declined to make a finding that aggravating circumstances existed such that an order of protection could be issued for a period of five years. The court issued an order of protection, directing Spellen to stay away from the petitioner and the parties' children for a period of two years, until and including August 3, 2025. Nunez appeals, and Spellen cross-appeals, from the order of fact-finding and disposition and the order of protection.
In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence (see Matter of Cassie v Cassie, 109 AD3d 337, 340). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of the witnesses is entitled to great weight on appeal (see Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Lederman v Lederman, 208 AD3d 483, 484 [internal quotation marks omitted]). "'The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal'" (id., quoting Matter of Mansour v Mahgoub, 202 AD3d 961, 962). Where, as here, "'the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Mattis v Walcott-Graham, 231 AD3d 1156, 1156, quoting Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Wiley v Wiley, 231 AD3d 841).
Here, contrary to Spellen's contention, the Family Court's finding that he committed the family offenses was based upon its credibility assessments and is supported by the record (see Matter of Adeshina v Adeshina, 228 AD3d 755, 756; Matter of Royal v Royal, 187 AD3d 1195, 1195; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). Accordingly, there is no basis to disturb those portions of the order of fact-finding and disposition that made those findings and directed Spellen to comply with the terms of the order of protection (see Matter of Mattis v Walcott-Graham, 231 AD3d 1156; Matter of Breier v Breier, 202 AD3d 1083, 1084).
Additionally, contrary to Spellen's contention, the Family Court properly included the children as protected persons in the order of protection, as the evidence demonstrated that doing so was reasonably necessary to provide meaningful protection to Nunez and to eradicate the root of the family disturbance (see Family Ct Act § 842; Matter of Fortunato v Dappio, 223 AD3d 800, 801; Matter of Lynch v Jimenez, 230 AD3d 496, 498; Matter of Cook v Berehowsky, 211 AD3d 727, 728; Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 609).
The Family Court, however, should have found that aggravating circumstances existed. The evidence at the fact-finding hearing demonstrated that Nunez sustained physical injuries as a result of the family offenses committed by Spellen against her and that the children were present during the commission of several of the family offenses (see Family Ct Act §§ 827[a][vii]; 842; Matter of Dandu v Jatamoni, 228 AD3d 861, 862; Goikhman v Biton, 183 AD3d 704, 705-706; Matter of Liu v Yip, 127 AD3d 1196, 1197; Matter of Margary v Martinez, 118 AD3d 1004, 1006).
Spellen's remaining contention is without merit.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court